FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 24 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
VIKTOR LEVCHENKO,

                Petitioner,

-against-

CHASE BANK USA, N.A.,

                Respondent.
----------------------------------------------------------X

**MEMORANDUM & ORDER**

**10-CV-4268 (NGG) (RER)**

NICHOLAS G. GARAUFIS, United States District Judge.

On September 15, 2010, Plaintiff pro se Viktor Levchenko ("Levchenko") filed this Notice of Removal under 28 U.S.C. §§ 1441 and 1446, thereby removing this action from the Civil Court of the City of New York, Kings County, to this court. (Notice of Removal (Docket Entry #1) at 2, 5.)[1] Levchenko asserts that the court has both federal question jurisdiction, under 28 U.S.C. § 1331, and diversity jurisdiction, under 28 U.S.C. § 1332, over this action. (Id. at 4-5.) Because Levchenko is proceeding pro se, the court construes his pleadings liberally and interprets them to raise the strongest arguments that they suggest. See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006). For the reasons set forth below, the court remands the action to the Civil Court of the City of New York, Kings County.

I. **BACKGROUND**

On June 14, 2010, Chase Bank USA, N.A. ("Chase Bank") commenced an action against Levchenko in the Civil Court of the City of New York, Kings County, to recover $9,369.05 in outstanding credit card debt. (See Chase Bank Motion to Remand, Ex. A (Docket Entry # 6-1).) On July 28, 2010, Levchenko filed an answer, which included his defenses and a counterclaim

---

[1] All page references correspond to the page numbers assigned by the Electronic Case Filing System.

1

for $25,000,000 against Chase Bank. (See Chase Bank Motion to Remand, Ex. B (Docket Entry # 6-2).) At that time, the Civil Court scheduled a trial for September 16, 2010. (Id.)

On September 15, 2010, one day before trial, Levchenko filed the instant Notice of Removal and removed the action to this court. (See Notice of Removal at 2.) Levchenko also filed a "Verified Answer and, Counterclaim" against Chase Bank and various individuals with his September 15 Notice of Removal. (See Docket Entry # 3.)

## II. DISCUSSION

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" to the district court "for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Removal statutes are to be strictly construed, however, and all doubts should be resolved in favor of remand. Beatie & Osborn LLP v. Patriot Sci. Corp., 431 F. Supp. 2d 367, 383 (S.D.N.Y. 2006). The defendant bears the burden of showing that the exercise of jurisdiction by this court is proper. See Ca. Pub. Employees' Ret. Sys. v. WorldCom, Inc., 368 F.3d 86, 100 (2d Cir. 2004) (citations omitted). To be timely, a notice of removal in a civil proceeding must be filed

> within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b). "Failure to file within the 30-day filing period leads to an automatic defeat of the removal petition." Murray v. Deer Park Union Free Sch. Dist., 154 F. Supp. 2d 424, 426 (E.D.N.Y. 2001) (citing Bertrand v. Vingan, 899 F. Supp. 1198, 1199 (S.D.N.Y. 1995) (noting that a defendant seeking removal must strictly comply with the statutory requirements).)

2

Levchenko's Notice of Removal was untimely because he did not file it within thirty days of receiving Chase Bank's complaint as required by 28 U.S.C. § 1446(b). Chase Bank filed a summons and complaint in the Civil Court of the City of New York, Kings County, on June 14, 2010. Although it is unclear from the parties' submissions exactly when Levchenko received the complaint, he certainly received it by July 28, 2010, when he filed his written answer containing his defenses and counterclaim. Thus, the last possible date Levchenko could have filed a timely notice of removal would have been August 28, 2010. Levchenko did not file his Notice of Removal in this court, however, until September 15, 2010. Accordingly, his Notice of Removal is untimely and removal to this court is improper. See Murray, 154 F. Supp. 2d at 426 (finding removal improper where a defendant did not file a notice of removal within the required time period).

## III. CONCLUSION

For the foregoing reasons, removal to this court was improper. Therefore, the court remands the action to the Civil Court of the City of New York, Kings County. The Clerk of Court is directed to immediately send a certified copy of this Order to the Kings County Civil Court Clerk, and to close this case. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
March 22, 2011

s/Nicholas Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

3